UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE MARIE VARGAS,<br><br>    Claimant,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. 1:17-cv-01553-JDP<br><br>FINAL JUDGMENT AND ORDER REGARDING CLAIMANT'S SOCIAL SECURITY COMPLAINT<br><br>ECF Nos. 17, 18, 19 |

    This matter is before the court on Michelle Maria Vargas's ("claimant") complaint for judicial review of an unfavorable decision by the Commissioner of the Social Security Administration regarding claimant's application for Supplemental Security Income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the U.S. Court of Appeals for the Ninth Circuit. ECF Nos. 6, 8. At a hearing on February 21, 2019, the court heard argument from the parties. Having reviewed the record, administrative transcript, briefs of the parties, and applicable law, and having considered arguments raised at the hearing, the court finds as follows:

    In an eight-page opinion, the Administrative Law Judge ("ALJ") found that claimant has a

severe impairment: "non-epileptiform seizure disorder and conversion disorder." AR. 22. The ALJ found, however, that claimant was not disabled and that she could perform her past work. Record evidence varied as to the frequency of claimant's seizures and how long she remained debilitated after each one. The ALJ appears to have found that, with medication, claimant experienced six seizures a month—a significant decrease from the frequency of seizures that claimant suffered without medication. *See* AR 25. In reaching her conclusions, the ALJ considered several sources of evidence, including the opinions of multiple consulting doctors, but she gave "limited weight" to the opinion of claimant's treating neurologist, Dr. Vladimir Royter. AR 25.

On appeal, claimant argues that remand is appropriate because the ALJ erred in discounting Dr. Royter's opinion. ECF No. 17 at 17. Claimant argues that rejection of Dr. Royter's opinion was problematic for two reasons. First, claimant argues that the ALJ failed to provide specific and legitimate reasons for rejecting Dr. Royter's opinion—thus failing to support her decision with substantial evidence. *See Lester v. Chater*, 81 F.3d 821 (9th Cir. 1995) ("Even if [a] treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject this opinion without providing specific and legitimate reasons supported by substantial evidence in the record for so doing." (internal quotation marks omitted)).

Regarding Dr. Royter's opinion—which imposed significant limitations on claimant's abilities[1]—the ALJ stated:

> I give limited weight to this opinion because the limitations are not supported by or consistent with the record, including Dr. Royter's own examination findings, which showed normal ranges of motion with full motor strength in the bilateral extremities and no focal deficits.

---

[1] As summarized by the ALJ: "Dr. Royter opined that claimant could lift and carry 10 pounds occasionally; less than 10 pounds frequently, stand and walk less than 2 hours, sit 6 hours in an 8-hour workday, and would need to shift positions at will. He further opinioned she could occasionally climb stairs, but should never twist, stoop or climb ladders, and rarely crouch. Dr. Royter also opined the claimant would be off task 25% or more of an 8-hour workday and was incapable of a low stress job." AR 25.

AR 25 (internal citations omitted).  The ALJ does not explain, and we are at a loss to understand, how claimant's range of motion, motor strength and lack of focal deficit—assessed while claimant is not undergoing a seizure—undercut or even relate to Dr. Royter's opinion, which is based on claimant's non-epileptiform seizures.[2]  *See* AR 551-553 (medical source statement).  Beyond the ALJ's reference to Dr. Royter's findings about claimant's range of motion, strength, and focus, the ALJ merely states that Dr. Royter's opinion is "not supported by or consistent with the record."  AR 25.  This paraphrasing of regulatory language, devoid of explanation, is not substantial evidence.  We thus agree with claimant that the ALJ has failed to provide specific and legitimate reasons for discounting Dr. Royter's opinion.  While it may have been possible, on this record, to justify discounting of Dr. Royter's opinion, the ALJ has not done so.

Claimant additionally argues that in evaluating Dr. Royter's opinion, the ALJ failed to consider the factors spelled out at 20 C.F.R. § 416.927(c).  Defendant did not respond to this argument in her brief, AR 18, and did not dispute at oral argument that the ALJ omitted a discussion of each factor from her opinion.  During oral argument, defendant did, however, point to the following statement by the ALJ: "I have . . . considered opinion evidence in accordance with the requirements of [20 C.F.R. § 416.927]."  AR 24.  It appears that, in defendant's view, this statement is more than enough to show that the ALJ appropriately considered the § 416.927 factors.

In this Circuit, ALJs are not required to repeat the 416.927(c) factors "in rote fashion."  *Standen v. Berryhill*, 2017 WL 4237867, at *7 (E.D. Cal. Sept. 25, 2017).  However, judicial review of the ALJ's evaluation of the factors is impossible unless the ALJ gives some indication of how she went about her analysis.  We cannot review mental impressions.  Without record evidence that the ALJ considered the factors, we will not presume that such consideration occurred, even if—as here—the ALJ makes a blanket statement that she has followed the law.  The ALJ's opinion—which dispenses with Dr. Royter's opinion in a single sentence—does not give any indication that she considered Dr. Royter's status as a specialist or the two-year course

---

[2] Dr. Royter uses the term "non epileptic seizures."

3

of his treatment of claimant. *See* AR 25. Under *Trevizo v. Berryhill*, this "alone constitutes reversible legal error," and we must reverse. 871 F.3d 664, 676 (9th Cir. 2017).[3]

Remand is thus appropriate. Claimant asks that we award benefits now and remand solely so that the Social Security Administration can calculate the amount of benefits. There is some appeal to claimant's argument that, if she suffers from six seizures every month, she will not be able to work—and certainly not in her former capacity as a phlebotomist. *See* AR 26 (opinion of ALJ, stating "The claimant is capable of performing past relevant work as a Phlebotomist"). This argument may also find some support in the Vocational Examiner's opinion. However, the record in this case is hardly conflict-free. As noted by defendant, as many as five medical opinions arguably conflict with that of Dr. Royter. It is not our province to resolve such conflicts, and so we remand this matter for further consideration.

For the foregoing reasons and those stated on the record, claimant's request for remand is granted.

**Order**

Accordingly, the decision of the Commissioner of the Social Security Administration is reversed, and the matter is remanded for further administrative proceedings consistent with this opinion.

IT IS SO ORDERED.

Dated: February 21, 2019

_____
UNITED STATES MAGISTRATE JUDGE

No. 200.

---

[3] Claimant argues additionally that the ALJ improperly discounted claimant's own testimony by failing to provide "specific, clear and convincing reasons for doing so." *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015). We need not and do not reach this argument.